UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHARLES LATWAIN FINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:16-CV-27-TAV-SKL |
| | ) |
| CHRISTOPHER HOWARD, Warden; | ) |
| CLARENCE POTTS, Assistant Warden; | ) |
| FREDERICK HACKETT, H.S.A.; HAMS, | ) |
| DR. SIDDAMREDDY; | ) |
| SERGEANT CHAPMAN; | ) |
| F/N/U MOON, Unit Manager; | ) |
| F/N/U JACKSON, Case Manager; | ) |
| F/N/U SANTIAGO, Case Manager; | ) |
| F/N/U VANHOOSER, Case Manager; | ) |
| F/N/U HAMS; F/N/U MAVDEN, | ) |
| Mental Health Counselor; and CCA, | ) |
| in their individual and official capacities, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

The Court screened this pro se pretrial detainee's civil rights complaint under 42 U.S.C. § 1983 and found that all claims, with one exception, failed to state a claim for relief [Doc. 3]. The excepted claim asserted due process violations and involved allegations that Plaintiff had been charged falsely with a disciplinary offense, had been denied witnesses at his disciplinary hearing, and had been placed in punitive segregation for thirty days. In the screening order, the Court noted that the claim was deficient in certain respects and invited Plaintiff to correct those deficiencies by amending his claim.

Now before the Court is Plaintiff's amended complaint, in which he maintains that Defendant Hams issued him a false disciplinary report, based on hearsay, stating that Plaintiff flooded his cell. Plaintiff further maintains that Defendant Chapman did not allow Plaintiff to

call certain witnesses or require their presence at the disciplinary hearing. Plaintiff identifies one witness as an individual named "Johnson," whose supposed testimony at the hearing allegedly would have exonerated Plaintiff from the false charge. The second witness was Officer Harris, the reporting officer, who supposedly indicated to Plaintiff that she did not report "such a thing," and the third proposed witness was Defendant Hams.

Had these officers been present at the hearing and offered testimony, so Plaintiff maintains, Plaintiff would have been able to confront and cross-examine them. Additionally, Plaintiff maintains that, as a pretrial detainee, he cannot be punished and that he was punished by means of the thirty (30) days of punitive segregation he received as result of the disciplinary hearing on the false charge. The above events and conduct, so Plaintiff insists, violates his right to due process of law.

At this point in the proceedings, and though Plaintiff did not set forth the date of these incidents as he was advised to do, the Court cannot say that Plaintiff's amended claim fails to state an arguable constitutional claim. "Pretrial detainees, unlike convicts, have a liberty interest in avoiding punishment—an interest that derives from the Constitution itself." *Surprenant v. Rivas*, 424 F.3d 5, 17 (1st Cir. 2005); *see Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1349–59 (11th Cir. 2016) (finding that a pretrial detainee is entitled to the procedural protections enunciated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), which include an opportunity to call witnesses and offer evidence); *Mitchell v. Dupnik*, 75 F.3d 517, 523–25 (9th Cir. 1996) (same). Accordingly, this claim will be permitted to proceed to service.

Plaintiff also moves the Court to alter or amend its screening order with respect to his claims for deliberate indifference or for denial of medical attention against Defendants Unit Manager Moon, Classification Case Manager Jackson, Case Manager Santiago, Case Manager

2

Vanhooser, and Mental Health Counselor Mavden [Doc. 5]. Plaintiff suggests that these claims should advance because, from September 2015 to December 2015, he repeatedly requested medical attention from these Defendants for Post-Traumatic Stress Syndrome ("PTSD"), that they refused to get him any kind of medical treatment, and that the medical attention that he received did not cure the symptoms he was experiencing [*Id.* at 1].

In the screening order, the Court noted that Plaintiff presented no evidence of the requisite mental state of deliberate indifference in connection with his medical claims, that he had been administered medications to treat his symptoms, and that his claims sounded in medical negligence, which is not a constitutional wrong [Doc. 3 p. 6]. The Court did not invite him to amend this claim, finding that absent a showing of deliberate indifference he failed to state a claim.

Nothing in his motion to alter or amend causes the Court to reach a different conclusion with respect to Plaintiff's medical claims against these Defendants. It remains that Plaintiff has not alleged any facts suggesting deliberate indifference, as the Supreme Court has defined the state-of-mind element of such a claim. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (finding that deliberate indifference is evidenced where prison officials subjectively are aware of facts from which they could infer that a prisoner faces a significant risk of serious harm and where they actually draw that inference). And it likewise remains that Plaintiff has not detailed the role each of these five Defendants played in making any decision with respect to his medical care for PTSD. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (finding that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

3

Finally, to the extent that Plaintiff's claim constitutes an attempt to impose supervisory liability on these Defendants for a medical provider's alleged wrongdoing, § 1983 liability cannot be predicated on a theory of supervisory liability. *Id.* at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *see also Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995). In addition, Plaintiff's assertions that he requested but did not obtain medical care from these Defendants does not save his claim because the law is settled that a supervisor cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Furthermore, "if any claim of medical indifference . . . is to succeed, it must be brought against the individual directly responsible for [Plaintiff's] medical care." *Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)).

Therefore, Plaintiff's motion to alter or amend is **DENIED** [Doc. 5], and only the allegations involving Plaintiff's disciplinary hearing will proceed to service.

Accordingly, the Clerk is **DIRECTED** to send Plaintiff two service packets for Defendants Chapman and Hams. Each packet contains a blank summons and USM 285 form. Plaintiff is **ORDERED** to complete the service packets and to return them to the Clerk's office within **twenty-one (21) days** of the date on this Order. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

When the completed service packets are received, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon Defendants. Defendants are **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure.

Plaintiff is **ORDERED** to inform the Court of any address change within **fourteen (14) days** following such change. *See* E.D. Tenn. L.R. 83.13. Plaintiff is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

With the exception of Plaintiff's claim of due process violations in connection with his disciplinary offense, disciplinary hearing, and resulting segregation, all remaining claims are **DISMISSED** from this action for failure to state a claim. 28 U.S.C. § 1915(e)(2); Fed. R. Civ. P. 12(b)(6). In addition, all Defendants, with the exception of Defendants Chapman and Hams, are **DISMISSED**.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE